**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4984

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS KENDRICK WILSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-04-35)

Submitted: May 19, 2006             Decided: June 7, 2006

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Kendrick Wilson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). Wilson was sentenced to 84 months' imprisonment. Wilson appeals his sentence, arguing the district court erred in applying the federal sentencing guidelines as mandatory in violation of United States v. Booker, 543 U.S. 220 (2005).

In Booker, which issued after Wilson was sentenced, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at 233-34 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the guidelines advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

In reviewing sentences for errors that do not involve a Sixth Amendment violation, this court may apply the plain error and harmless error doctrines in determining whether resentencing is required. Booker, 125 S. Ct. at 769; see Fed. R. Crim. P. 52(a) (appellate court may disregard any error that does not affect substantial rights). Because Wilson objected below based on Blakely v. Washington, 542 U.S. 296 (2004), this claim is reviewed

- 2 -

under harmless error analysis.  United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).  Under harmless error review, the Government bears the burden of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights.  Mackins, 315 F.3d at 405; United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001).  Affecting substantial rights means that the error affected the outcome of the proceedings.  Stokes, 261 F.3d at 499.  The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed."  Williams v. United States, 503 U.S. 193, 203 (1992).

While we find the imposition of Wilson's sentence under the then-mandatory sentencing guidelines was error,[*] see United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), we find the error was harmless because the district court announced an identical alternate sentence and thus the error did not affect the selection of Wilson's sentence.  See United States v. Revels, __ F.3d __, 2006 WL 1134148, *3 (4th Cir. May 1, 2006).

---

[*]As in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [the defendant's] sentencing."

- 3 -

Accordingly, we affirm Wilson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>